WENTWORTH, Judge.
Appellant in this case has appealed the denial of his Rule 3.850 motion. He alleged in his motion 1) ineffective assistance of counsel on grounds that the trial counsel failed to cross examine the state’s expert witness and failed to call appellant as a witness, 2) “default in performance of duty *662 by ministerial officer” on grounds that the prosecutor had presented evidence known by him to be false, and 3) “conviction obtained by a violation of privilege against self incrimination” on grounds that appellant’s pre-Miranda statement, taken while he was being treated for a gun shot wound and after having been administered a narcotic, was improperly used against him at trial.
As to point one, alleging ineffective assistance of counsel on grounds that trial counsel failed to object to testimony by an expert witness that was in direct contradiction with the witness’ deposition testimony, and failed to call appellant as a witness, these allegations are properly regarded as matters of trial strategy. See Knight v. State, 394 So.2d 997 (Fla.1981); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant further fails to allege with specificity how he was prejudiced by defense counsel’s actions, what discrepancy existed between the trial and deposition testimony of the expert witness, and what testimony he would have provided if called. The trial court’s characterization of this ground as facially deficient is therefore correct.
Grounds two and three, supra, would properly have been raised as issues on direct appeal. Appellant alleged that he could not have raised these issues in his prior appeal because a trial transcript was unavailable to him until September 1983, after the filing of his direct appeal. Our examination of the file in the prior appeal in this court indicates that a trial transcript which included the testimony of R.T. Lee, the individual who took the pre-Miranda statement from appellant, was part of the record in that appeal. We conclude that appellant would have had access to the trial transcript through the exercise of due diligence, and his assertion as to why the above allegations were not presented on appeal accordingly appears to be insufficient. The trial court’s denial of the motion on grounds that the asserted grounds were procedurally barred was therefore proper.
AFFIRMED.
SHIVERS and MINER, JJ., concur.